UNITED STATES DISTRICT
COURT DISTRICT FOR THE
DISTRICT OF MASSACHUSETTS

LANCE 3X HULLUM,
    Vs. Plaintiff

KATHLEEN M. DENNEHY,
    Defendant

C.A.NO.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION under Fed. Civ. Rule P. #65(a)(b), et seq.

## STATEMENT OF THE CASE

This is a civil rights action brought under 42 U.S.C. § 1983, by a state prisoner whose life is in danger and being denied a immediate transfer and whom has Lupus a illness that flares up under seg stress. The plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that he receives a transfer to avoid further future assaults and flare ups.

## STATEMENT OF THE FACTS

As stated in the declaration submitted with this mot-

ion, the plaintiff was assaulted by two gang-members inmates. Officer have and continue too placed plaintiff in life threaten situation disregarding plaintiff's health and well-being and delaying a transfers, Officers impeding plaintiff from functioning and adjusting/moves threw the prison. Officer has written a false d-report No. 37914, claiming I threaten another inmate by calling him a skinner and states I am gonna kill him this was done to further imped my move from seg and transfer to another.

The defendants against whom relief is sought are, respectively, the Commissioner of Corrections and chief Administrator Kathleen M. Dennehy, who is responsible for the care and custody of all inmates and transfers, and the Superintendent David Nolan, who is responsible for care and custody of all inmates at M.C.I. Cedar Junction and transfers plus subordinate to Dennehy.

# ARGUMENT

## POINT I

## THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determing whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: Whether the party will suffer irreparable injury, the "balance of hardships" between the partys, the likelihood of sucess on the merits, and the public interest. Each of these factors favors the grant of this motion.

### A. The plaintiff is threatened with irreparable harm.

The plaintiff alleges the he has been denied the his right to be free from prison assaults and conditions of confinement that worsten his Lupus illness. Such conduct by prison officials

is a clear violation of the Eight Amendment. Farmer Vs. Brennan, ___ U.S. ___, 114 S.ct. 1970 (1994) ("it does not matter... whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such Risk."); Lamarca Vs. Turner, 995 F.2d 1526, 1535 (11th. cir. 1993), cert. denied, 114 S.ct. 1189 (1994) (deliberate indifference could be found based on failure to protect from the "general danger arising from a prison enviroment that both stimulated and condoned violence.")

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm Elrod Vs. Burns, 427 U.S. 347, 373, 96 S.ct. 2673 (1976). This principle has been applied in prison litigation generally, see Newson Vs. Norris, 888 F.2d 371, 378 (6th cir. 1989); Mitchell Vs. Cuomo, 748 F.2d 804, 806 (2nd cir. 1984); Williams Vs. Lane, 646 F. supp. 1379, 1409 (N.D. Ill 1986), aff'd, 851 F.2d 867 (7th cir. 1988), cert. denied, 109

S.ct. 879 (1989), and specifically in prison cases where inmate needs protection but cannot sit in segregation months on end without worsening medical life threatening illness Farmer Vs. Brennan, 114 S.ct. 1970 (1994).

In addition, the plaintiff is threatened with irreparable harm because of the nature of his injurys excessive segregation confinement trigger pain flares and delay/denial of transfer impeds access to prison rehabilitation programs which Cedar Junction has none. And impeds parole due to placement at a level six prison for over ten years.

B. The balance of hardships favors the plaintiff

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the —moving party if the motion is denied will outweigh the suffering of the non-party if the motion is granted. see, e.g., Mitchell Vs. Cuomo, 748 F.2d 804, 808 (2nd Cir. 1984) (holding that dangers

posed by prison crowding outweighed state's financial and administrative concerns); Duran Vs. Anaya, #642 F.supp. #510, #527 (D.N.M. 1986) (holding that prisoner's interest in safety and medical care outweighed state's interest in saving money by cutting staff).

In this case, the present suffering of the plaintiff and his potential suffering if he is kept in a violent dehabilitation Lupus Flare triggering atmosphere. The "suffering" the defendants will experience if the court grants the order will consist of taking plaintiff to another prison where will engage in prison programs and prepare to enter society something the defendants do, and are obligated to do, for members of the prison population on a daily basis. The defendant's hardship amounts to no more than business as usual.

C. <u>The plaintiff is likely to succeed on the merit</u>

Plaintiff has a great likelihood of success

on the merits. What defendants have done -- "intentionally interfer with plaintiff's safety health and well-being"/transfer safety of prisoners was specifically singled out by the supreme court as an example of unconstitutional "deliberate indifference" to prisoner's safety. See Farmer Vs. Brennan, #114 S.ct.#1970 (1994) many other courts have held that failure to transfer to keep a prisoner safe is unconstitutional. See Ross Vs. United States, #641 F.supp. #368-#372 (D.D.C. 1986); Walker Vs. Lockhart, #713 F.2d #1378, #1383 (8th cir. 1983) cert. denied, #466 U.S. #958 (1984); Diercks Vs. Durham, #959 F.2d #710, #711-#12 (8th cir. 1992).

**D.** The relief sought will serve the public interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran Vs. Anaya, 642 F.supp. 510, 527 (D.N.M. 1986) ("Respect of law, particularly by officials responsible for the

administration of the state's correctional system, is in itself a matter of the highest public interest.)"

## POINT II

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed.R.Civ.P. However, the plaintiff is an indigent prison and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez Vs. Smith, 541 F.Supp. 351, 385 n.#30 (C.D. Cal. 1982); J.L. Vs. Parham, 412 F.Supp. 112, 140 (D.Ga. 1976), rev'd on other grounds, 442 U.S. 584, 99 S.Ct. 2493 (1979). In view of the serious assault danger or worst by gang-members confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For the foregoing reasons, the court, plaintiff is suggesting should grant the motion in its entirety.

LANCE 3X, HULLUM,
~~True 3X, Johnson~~
P.O. Box #100, South
Walpole, Mass.
02071.

DATED: 6/6/04.