*Law Office of*
*Dana Johnson*
P.O. Box 133
Malden, MA 02148
781-321-3762
Fax 781-324-5653

April 8, 2005

Clerk of Courts
United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

RE:   Lance Hullum
VS:   Michael T. Maloney, et al.
      Docket No:   *04-10103-GAO*

To Whom it may Concern:

Enclosed pleased find the following documents:

    Complaint

Please file and docket the same. Thank you for your assistance in this matter.

Sincerely,

Dana B. Johnson, Esquire

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

SUFFOLK, ss.                                              DOCKET NO.
~~05 11286 NMG~~

04-10103-GAO

| | |
|---|---|
| LANCE 3X HULLUM,<br>Plaintiff | )<br>)<br>) MAGISTRATE JUDGE |
| v. | ) |
| MICHAEL T. MALONEY, Commissioner<br>of Department of Corrections, in his<br>Official and Individual Capacity | )<br>)<br>) |
| KATHLEEN DENNEHY, Deputy<br>Commissioner of Department of Corrections,<br>in her official and Individual Capacity | )<br>)<br>) |
| PETER ALLEN, Superintendent, M.C.I.<br>Cedar Junction, in his Official and<br>Individual Capacity, | )<br>)<br>) |
| JOHN LUONGO, JR., Deputy Superintendent,<br>M.C.I. Cedar Junction, in his Official and<br>Individual Capacity | )<br>)<br>) |
| STEVEN SILVA, Director of Security, M.C.I.<br>Cedar Junction, in his Official and Individual<br>Capacity, and | )<br>)<br>) |
| EDWARD DOOLIN, Captain of Unit Team,<br>M.C.I. Cedar Junction, in his Official<br>and Individual Capacity,<br>Defendants | )<br>)<br>)<br>) |

## COMPLAINT

Plaintiff brings this Complaint against defendants in their official and individual capacities pursuant to 42 U.S.C.A. section 1983, for deliberate indifference to plaintiff's safety, health, property, transfer and clearly established constitutional rights cited herein below.

## JURISDICTION

This Court has jurisdiction to hear this complaint pursuant to Article III of the Constitution and 28 U.S.C. §1331. Plaintiff requests this court to invoke its pendent jurisdiction.

## PARTIES INVOLVED

*Michael T. Maloney*, Commissioner of the Department of Corrections, 50 Maple Street, Milford, Massachusetts 01757.

*Kathleen Dennehy*, Deputy Commissioner of the Department of Corrections, 50 Maple Street, Milford, Massachusetts 01757.

*Peter Allen*, Superintendent of M.C.I., Cedar Junction, P.O. Box 100, South Walpole, Massachusetts 02071.

*John Luongo, Jr.*, Deputy Superintendent, M.C.I. Cedar Junction, P.O. Box 100, South Walpole, Massachusetts 02071.

*Steven Silva*, Director of Security, M.C.I. Cedar Junction, P.O. Box 100, South Walpolke, Massachusetts 02071.

*Edward Dollin*, Captian of Unit Team, M.C.I. Cedar Junction, P.O. Box 100, South Walpole, Massachusetts 02071.

## STATEMENT OF FACTS

1. On November 4, 2003, plaintiff was placed in a Segregation Unit Ten Block for protection purposes after a class board without requesting segregation status by Deputy Superintendent John Luongo, Jr., at M.C.I. Cedar Junction.

2. He (Deputy Superintendent Luongo) refuses to let plaintiff out of Ten Block, transfer him in a reasonable time frame. Ten Block is normally used as a pending Investigation Unit and Punishment Unit because there are no TV's or canteen (food items) allowed. Showers only three times a week.

3. Plaintiff has been diagnosed with systemic Lupus erythematosus on October 1, 2002. Lupus is an autoimmune disease. The immune system, which normally protects the body, turns against itself (auto) and attacks it. Lupus can affect my different systems of the body, and there are many different ways that it can affect many people. See Lupus Everything You Need to Know by Robert G. Lahita, M.D., Robert H. Phillips, Ph.D. Book (1998).

4. Inactivity—lack of working out and lack of food for less than two weeks triggers inflammation in the body. Inflammations are very painful and are also triggered by moldy- bacteria atmospheres.

5. Ten Block is such a moldy-bacteria atmosphere due to years on end of inmates throwing feces, food and/or urine on the walls, teirs. Correctional officers often leave the said feces, food, and/or urine on the walls, teirs for long periods of time then don't even adequately clean it up. They have painted over dried feces, food and/or urine, on a regular basis. This fact is one of the main reasons plaintiff is suffering extreme pain and discomfort of inflammations.

6. 103 CRM 4223.6 and 423.09 bands TV and radios on Disciplinary Detention inmates not protective custody inmates, even in (D.D.U.) Department Disciplinary Unit, inmates are allowed to have TV's and radios. Defendants are causing a significant atypical hardship upon plaintiff as compared to inmates in general population and D.D.U.

7. The defendants have made numerous transfers from Ten Block in short periods of time ranging from two to three months top for inmates such as Joseph L. Druce; Sean Nooman; Thomas Todd; David Royce—all belonging to racist organizations, Aryan Nation; Aryan Brotherhood; Dirty White Boys; and said inmates also picked up D-reports and were still transferred to other prisons by the defendants.

8. From two to three months top for inmates such as Joseph L. Druce; Sean Nooman; Thomas Todd; David Royce, all belonging to racist organizations, Aryan Nation; Aryan Brotherhood; Dirty White Boys; these said inmates also picked up D-Reports and were still transferred to other prisons by the defendants.

9. Based on plaintiff's own observation, defendants are incahoots with or members of Aryan Supremacist organizations themselves, causing many conflicts within this prison between inmates and staff and inmates fatal and non-fatal altercations have occurred.

10. Plaintiff put Commissioner of Corrections, Michael T. Maloney; Deputy Commissioner of Corrections Kathleen M. Dennehy; Peter Allen, Superintendent of Cedar Junction; Deputy John Luongo, Jr.,; Director of Security; Steven Silva, Unit Team Captain, Edward Doolin, all on notice by way of a speech Freedom of Self-Expression, about their correctional officers being incahoots with inmate Joseph L. Druce but was ignored.

**CLAIM ONE:** **Paragraphs 1 through 6, incorporated herein by references.**

Defendants' actions or inactions constitute a deliberate indiference to plaintiff's health by confining plaintiff to mold infested

segregation cell for excessive amount of time for non-disciplinary reasons depriving plaintiff of canteen food items and TV inflicting cruel and unusual punishment of plaintiff in violation of the United States Constitution Amendment (8) Eighth.

**CLAIM TWO:** **Paragraphs 1 through 10 incorporated herein by references.**

Defendants' placing plaintiff in segregation confinement for complaining about correctional officers being involved in racist organizations without plaintiff requesting segregation confinement is in violation of plaintiff's rights to Freed of Speech and Freedom of Expression under United States Constitution Amendment (1) One.

**CLAIM THREE:** **Paragraphs 1 through 10 incorporated herein by references.**

Defendants' arbitrary and capriciously, retaliated against plaintiff for complaining about correctional officers harassment and belonging to a racist organization by placing plaintiff in segregation unit for six to nine months without a TV or GED school education placing plaintiff out of equal protection of the existing laws clearly established by court decisions in violation of the First Amendment to United States Constitution Freedom of Speech/Self-Expression and Fourteenth Amendment to United States Constitution equal application and protections of the existing laws.

**CLAIM FOUR:** **Paragraphs 1 through 10 incorporated herein by references.**

Plaintiff has been injured by defendants' actions or in actions and deliberate indifference to plaintiff's serious medical problems— Lupus flare ups ignited by being in dirty molded seg. cell for long periods of confinement time. Plaintiff has and is being injured by being placed in loud seg. atmosphere due to inmates yelling and screaming all night and day depriving plaintiff of substantial amounts of sleep and injured by lack of TV for school GED Programs in violation of the Untied States Constitution Amendments 1, 8 and 14.

*WHEREFORE*, plaintiff prays for relief by awarding monetary compensation of $50.00 for plaintiff's injuries inflicted by defendants' actions or in actions and $30.00 a

day for each day plaintiff is left in unhealthy loud seg. confinement without GED school TV programs.

Plaintiff also seeks filing fees and attorney fees, exemplary punitive damages and court order allowing plaintiff his TV for GED education

**JURY TRIAL**:  Plaintiff demands a trial by jury.

Respectfully submitted,

*Lance 3X Hullum*
Lance 3X Hullum through his attorney
P.O. Box 100 South
Walpole, MA  01071

        The Plaintiff
        By his Attorney,

        _____
        Dana Johnson, Esq.
        P.O. Box 133
        Malden, MA 02148
        781-321-3762
        BBO # 639119
        December 31, 2003